Judge Owslev
delivered the opinion.
This is an appeal from a judgment for seven-eighteenth parts of a tract of land, in the county of Montgomery, recovered by the appellees in an action brought by then» in the circuit court against the appellants.
The appellees claim the land under sales made by sheriffs, under two executions, one of which issued on a decree of the Fleming circuit against the devisees of Jacob Myers, deceased, in favor of George Johnston; and the other issued on a judgment of the Fleming circuit court against Reuben Coffer and Ralph Morgan, in favor of Hawkins Donathan. And for the purpose of shewing that the land in contest was subject to the sale under the execution, against the devisees of Myers, the appellees, on the trial in the circuit court, offered in evidence a writing purporting to be a copy, from the Lincoln county court, of the will of Jacob Myers, deceased, and authenticated by the following certificate: — ‘A copy teste, Bryan Y. Owsley, d. c. l e. c.’ To the reading in evidence this copy, the appellants objected, on the ground of its pot being properly authenticated; but their objections were overruled, and the copy used in evidence before the jury.
We are of opinion the copy was properly admitted in fevidence. If the certificate should be construed to have been made by a deputy clerk of thfe'Lincoln county court, there can, we apprehend, be no reasonable objection to its admission. For as the office of clerk may be exercised by deputy, any certificate which the clerk, in the course of his official duty, might make, may be made by bis deputy; and there is no doubt but that the copy of a will, duly certified by tbe clerk, is admissable evidence. The certificate, it is true, contains no express statement of the person by whom it is subscribed, being deputy, but we suppose tbe initials attached to his name plainly import that be is deputy, and that which is implied from the certificate, is, to every legal purpose, equivalent to an expression of it.
To shew title.through the purchaser, under the execution Sgáinst the devisees of Myers, the plaintiffs in the court below, tbe appellees here, offered in evidence a deed to them from David Trimble,'but its admission as evidence was objected to by the appellants, and the objection overruled by *42 the court, aticl the deed read to the jury. The deed piir--Por!s JO bear ^ate 'be first °f March, 1817, and from the certificate of the clerk of Bath ,county court, appears t(| have been proven before him by the subscribing witnesses thereto, on the 12th of November, 1818, and recorded in his office, but was never recorded in the office of the County Montgomery, where the whole of the land lies] nor was i,s execution proven on the trial by either of the witnesses, or in any other way than by the cer-^1C clerk of Bath county, as aforesaid. The admission of the deed was objected to on the groundof the clerk’s certificate not being competent evidence of its exe-; \Ve ⅛⅛ the deed should not have been admitted evidence. As no part of the land lies in the county of Bath, it is perfectly clear, if the deed had been made, and the proof taken by the clerk, before the passage of the act 1810, (Session, acts of 1809, page 1¾9,) that the certificate of the clerk would have been incompetent to prove its execution. For, asbefore the passage of that c^er^s bad 110 authority to take the .proof, and admit tal record deeds for the conveyance of .land, "unless some part thereof lay within their county,” it follows, that, before that *',e c*er^ °f' Bath C0UM nothave, legally taken the proof and admitted to record the deed now in question] and it would consequently follow, that the act of the clerk tjonfc without aulbority of law, could not be admissible evidence of the due execution of the deed. But by the second section of that act, it is provided, that if any person, making a deed of conveyance, shall acknowledge the same in any county court of this commonwealth, or if it shall t herein be. proved, by two credible witnesses, or if he shall acknowledge it in the office of any siicb court, before the clerk thereof, or if it shall be proved in such office, before the clerk, by two credible witnesses, it shall be lawful for the clerk to certify the.same on such deed; and being duly certified, in any of the ways aforesaid, shall authorise th? same to be recorded in the office of the oounty court of the county in which the land iieth, or ia the office of the general court, or court of appeals, as though the acknowledgement or proof had taken place in the recording office, &c.
(Viscount21 courts nr ay fteeds for lands tying in rertificate US the deed may be recorded to render such proof or must he ’ m?de within i ed* fbr' re cording deeds.
There is no question but, under this act, clerks of th«5 CountVicourts may, regardless of the place where the land lies, take the acknowledgement, or proof, of the execution of deeds; and if, in the case before us, the proof bad been *43 taken by the clerk witbm the time required for recording the deed in the proper office, it might, with somé force, be contended, that the certificate of the clerk should be evidence of its execution; but even then, as the deed in fact has never been recorded, (to provide for which is the main pbject of the act), it might fairly be questioned, whether, without other proof of its execution, the deed would, upon the certificate of the clerk, be admissable evidence. Be that, however, as it may, we entertain no doubt, the act should not be construed so as to authorise clerks, after the time for recording deeds has elapsed, to take proof of Iheiy execution: for it is expressly for the purpose of enabling those interested, with more facility, to have deeds recorded, that the authority is given to clerks of other county courts than that of the county in which the land lies; and in giving an expositiott of the act, it should not be construed to have an operation beyond the object ánd intention ©f its makers. It results, therefore, lhat'as the deed from Trim-ble appears not to have been proven within the time required for recording deeds, the certificate of that proof was incompetent to prove its execution, and consequently the court should have excluded it from the jury.
To rer(]er acUcreeobU-patoi-y on *erseei._ vicg 0f ])/0. cess, actual or c.n»*ruc-¿ppéarLceT
In the’further progress of the trial, and after the plaintiffs in that court had given in evidence the execution against the devisees of Myers, and a transcript of the decree upon which the, execution issued, and other proceedings had in that cause, the defendants, there, moved the court to instruct the jury, that, as there was no service of process, either actuabor^obstructive, upon two of the persons named as defendants in that cause; and as tfie decree purports to have been taken upon default, and without appearance of any of the defendants, the decree, as to' those upon whom there was no service of process, was inoperative, and that as to them, the purchaser under the execution acquired no title by the sale and conveyance of the sheriff; but the motion was overruled and the instructions refused.
Assuming the facts to exist, upon which the defendants’ motion was hypothecated, we should be of opinion the instructions ought to have beeb given We have been unable to find any case where the effect of either a judgment or decree, rendered without appearance or service of process, has been decided: but the absence of authority, in such a case, is, in itself, sufficient to maintain the invalidity of such a decree, We subscribe to the doctrine, in ¡U *44 fullest extent, that where the parties have either contested, or bad an opportunity of contesting, any master decided by a court, of competent jurisdiction, they should not be again permitted to question the same matter, in any subsequent controversy between the same parlies; but it wonjd not only be contrary to the spirit and genius of our law, but palpably unjust, to conclude any by a decree or judgment to which he is neither party or privy, and which he has bad no opportunity of controverting. And how can a person have had an opportunity of contesting either a decree qr judgment, unless he be a party⅞ and how can he bé a party, unless he be notified of the pendency of tbe suit, either by actual or construciive service of process? It may, however, be proper to remark, that as to one of the persons, the facts, upon which the motion of the defendants was hypothecated, do not exist: for, by the return of the sheriff on the subpoena, which issued in the chancery cause against the devisees of Myers, it appears to have been served in due time ón David Myers, one of the persons as to whom the instructions were asked.
A power of attorney to convey lands, should be proved or acknowledged and left to be recorded, in tbe same manner as the conveyance itself, and the clerk to take such pro' f or acknowledgement.
It also appears, that after the plaintiffs in the circuit court, had introduced a transcript of the judgment of the Fleming circuit court against Ralph Morgan, and the execution which issued thereon, together with the sheriff’s deed evidencing the sale of Morgan’s interest thereunder, the defendants offered in evidence, for the purpose of shewing that Morgan’s interest was no* liable to be sold under the execution, a letter of attorney from Ralph Morgan to Joseph Young, sealed by Morgan, and bearing date the first of September, 1815, and purporting to have been recorded by the clerk of the Montgomery county court, upon the ac-knowledgement of Morgan, in his office, on tbe 25th of September, 1815, prior to tbe date of the execution against Morgan; but the court being of opiuion that the letter of attorney was not duly and legally recorded, would not permit it to be read in evidence, without other proof of its execution. The execution of the letter of attorney was then proven by parol evidence; and the defendants produced and read in evidence deeds of conveyance from Ralph Morgan by said Young, executed in pursuance of the letter of attorney aforesaid, and acknowledged and recorded in the clerk’s office of tbe Montgomery county court, where the land lies, in due time, and before the date of the execution against Morgan: — Whereupon, the plaintiffs moved the, *45 court, and it accordingly instructed the jury, that because the letter of attorney was not duly and legally recorded, the deeds of conveyance, made by Young, the agent, were void against the creditor in the execution and the purchaser thereunder.
In excluding the letter of attorney, as well as in deciding on the validity of the deed of conveyance, the court appears to have gone on the idea, that, lo be valid against creditors and purchasers, the deed of conveyance should not only be recorded within due time, but the power of attorney, under which it was made, should also be recorded within the same time, and that the clerk, by whom proof may be taken of the execution of the deed of conveyance, possesses no power to take the acknowledgement of the execution of the power.
That to be valid against creditors, or a purchaser for a valuable consideration, not having notice thereof, (lie deed must be either proven, or acknowledged, and lodged with the clerk of the proper court to be recorded within the time prescribed by law, is a proportion not to be controverted by any who may take the trouble of adverting to the statute on that subject. By the first áection of the act regulating conveyances, (1 Litlell, 5G9,) it is provided, that no conveyance shall be good against a purchaser for a valuable consideration, not having notice thereof, or any creditor, unless the same writing be acknowledged by the party or parties who shall have sealed and delivered it, or be proved by three witnesses to be his, her, or their act, in the office of the clerk of the court of appeals, or of a district court, or in a court of quarter sessions, or county court, in the manner prescribed by'law, or in the manner herein after directed, within eight months after the sealing and delivering, and be lodged with the clerk of such court to be there recorded.
But this section contains no express requisition for recording, or lodging to be recorded, powers of attorney under which the conveyance may be made. The power must, however, be by deed, and this court, in furtherance of the design of the legislature to protect creditors and purchasers, have heretofore, upon a liberality of construction, held that the requisitions of the act should not only be observed in the recording of deeds of conveyance, but they should be moreover regarded in the execution and recording power? by \vbichthe conveyance is made, See 2 Bibb, 420.
*46 But admitting the act applies to, and requires powers of) attonley t0 proven and lodged to be recorded, the question arises as to the power of clerks of county courts to take the acknowledgement of such povvers; for if they possess such power, as that under which the deed in question was made appears to have been acknowledged before the clerk of 'the county court of the county where the land lies, and admitted to record within the time required by law, the court ought not to have excluded it from the jury; nor ought the court to have held the deed, which was made in pursuance thereof, and also recorded in proper time, invalid as to the creditors and purchasers of Morgan.
That the clerks possess such power, we apprehend, will readily be perceived by adverting to the act of 1798, (2 Liltell, 262,) and that of 1795, (1 Littell, 320.)
The act of Í798 provides, ‘That it shall be lawful for ‘the clerks of the county courts, and courts of quarter sessions, to receive the acknowledgement and proof of deeds ‘out of court, in like manner as the clerk of the court of ‘appeals, or district court clerks, are authorised to do by ‘law.’ And the'act of 1795 provides, that all deeds and other writings, may be recorded in the office of the district court, provided if the same bo for the conveyance of land; that the lands conveyed be within the said district. And if the lands conveyéd by one deed, shall be in part of two districts, the said deed may be recorded in the office of the court of appeals. And it shall be the duty of the clerks of the district courts, and court of appeals, in the cases before mentioned, to receive the said deeds in their offices out of court, and record the’ same)' taking the acknowledgement and proof of execution as is directed by law. According to (he act of 1798, there can be no doubt but the county Court clerks now possess'as ample power in relation to the taking the acknowledgement and proof of deeds, as was conferred upon either the clerk of the district courts, or the clerk of the court of appeals, by the act of 1795. And by the act of 1795, we apprehend, there is as little Xoom to doubt, but the clerks of the district courts and court of appeals, were authorised to take the acknowledgement of powers of attorney authorising the conveyance. For, as we have already seen,.powers to convey partake so far of the nature of a conveyance, as under the law requi-quiring conveyances to be recorded, the power under which it is made must also be recorded, it would seem to follow, *47 tjjat tinder the expressions of the act of 1795, “all dieth and other writings, for the conveyance of lands” powers to convey must be included. But,more especially, when it is recollected that tbe. legislature were, by the act of 1795, providing for the recording of those writings in relation to the conveyance of lahd, which were necessary to be recorded by the statute of conveyancing, there cannot be a doubt, but it was intended to authorise tbe clerks to take the ac-knowledgement of all writings necessary to the validity of a conveyance. . . ■ '
.. Jor a con* wyanceic be valid against creditors or ⅛) thorn. notice, it must be-proved or £<|⅞ to be recorded within ft °*
Upon tbe whole,, we think the clerk of the county court of Montgomery had authority to take the acknowledgement of the power; and that upon his certificate of his having done so, the power should have been admitted in evidence; and as both the power, and deeds made thereunder, were recorded in due time, the deeds ought not to have been held invalid as against Morgan’s creditors, and the purchaser under the execution. .
Other questions were made as to the regularity of the sale under the execution against Morgan; hot as the judgment must, for other causes, be reversed, and as we suppose, from the principles of this opinion, those questions will not again occur in the circuit court, we have thought it unnecessary to notice them.
, In the further progress of the cause, the .defendants, fo^ the purpose of shewing that the land was not subjeetdo sale Under the execution against the devisees of Jacob Myers, introduced a deed of conveyance from ,tjie children of Jost, alias Joel Myers, devisees of Jacob Myers, to John Myers,, one of the devisees, and a deed from said John to Frederick VV. Grayson, together with the certificates on said deeds, all dated prior to the emanation sf the execution against the said devisees; but the court being of opihr ion that the deed from the children of Joel Myérs, had not been proven and lodged in the propeí office to be recorded Within due time, instructed the jury that it was void as to the purchaser tinder the execution against the devisees.
,, The deed purports to include lands lying in the county of Bullitt, as Well as that now in contest in the county of Moulgomery, and appears to have been acknowledged by the several grantors therein named, before the clerks of different county courts* at different times, and certified by the respective clerks prior to. and on the 3d day of, February, 1814, and upon these certificates, recorded by the *48 clerk of the county cou t of Bullitt, orí the 26th of May, 1814, ánd thereafter, on the 24th of October, 1814, upon those certificates admitted to record by the clerk of tire court of appeals. Thus it appears, that more than eight months elapsed between the dates of the certificate of ac-knowledgement before the clerks of the county court, and the admission to record by the clerk of the court of appeals; but, as there is Bot twelve months between the dates of the certificates of acknowledgement before the county court clerks, and that of the defid being recorded in the office.of the clerk of the court of appeals, it is contended, that Under a sound construction, of the sixth section of the act of 1798,' regulating conveyancing, (1 Litteli, 269,) the deed was recorded in due time, it is obvious, however, that the statute alluded to, has no bearing upon the deed in question, The parties t@ the deed have not taken a solitary-step incompliance with the requisitions of that section; hut have proceeded under the act of 1810, (Session acts, 122,) and, according to that act, we apprehend,there can be no reasonable doubt, but the deed was not recorded in due time. Tint act, after authorising the county court clerks, of counties in which the land docs not lie, to take the ac-knowledgement or proof of deeds, provides, “that when so taken and fcertified, it shall authorise the deed to be recorded in the office of the county court of the county in which the-land lieth, or in the office of the general court, or court of appeals, as though the acknowledgement or proof had taken place in the recording office.” And to be valid against. purchasers, according to the law regulating conveyancing, the proof or acknowledgement of the deed must be made before the clerk of the court of appeals, and lodged with hita to be recorded, within eight months from its date,
A vendee tak.ng' pas-seis osi of lands uiuier &i) execuiory contact, an<i expecting’the title to be consummated by vendee» cannot question vend »r*s title, teens, if the tilie has been completed by cLed* vendee t hen holds adversely to vowi-ir* ami w.w set up RuoH>er tiü.íj or in any o; h* ér way question vendor's title.
It also appears, that the defendant, Moore, in the progress cf the trial, gave in evidence a regular patent from the commonwealth of Virginia to John Edwards for the land in contest dated the 10th of December, 1785, and produced deeds of conveyance from Edwards to him, dated the 6th of February, 1807; and it being admitted that the patent and conveyances cover the land in his possession, and that he had some twenty yeará ago entered on said land, claiming by deed from Ralph Morgan, and that he was living on the land when he obtained the conveyance from Edwards, and continued thereon ever since; the conn instructed the jury, that as Moure originally entered ©a the *49 land under Morgan, who claimed under Jacob Myers, he could not avail himself of the bar of seven years’ possession, although he had acquired Edwards’s title, and had continued to claim under it for more than seven years.
The adverse ggvetTye arsis a good bar to an action jan jgtg for lands,
Bibb for appellant, Hoggin for appellees.
These instructions cannot be admitted to be correct. For, whilst it is admitted, that, where possession is taken under another, it would be incompetent for the possessor, so long as be holds under an executory contract, looking to the person from whom he obtained the possession »o protect the title, to controvert the title of his vendor, it is denied that■ after entering under a deed of conveyance, the possessor ⅛ ⅜ precluded from protecting his possession by any title which ¡ he may subsequently acquire. After entering under an ex- | ccuted deed of conveyance, or after obtaining a deed from f the person under whom the entry is made, the possessor ! must be considered as bolding adverse to his vendor as well j as to others; and, in such a case, he should be allowed eve- ⅛ fcy privilege, and permitted to urge every defence to protect his possession, that could be availing, if the possession bad been originally obtained, in any other way. If, therefore, the defendant, Moore, is not estopped to controvert the title of Myers, and is admitted to have held adversely to him when be acquired the conveyance from Edwards, it follows, that, under the act of 1809, (Session acts, 85,) to compel the speedy adjustment of land claims, the court erred in in-Striicting the jury, that Moore could not avail himself of his possession for sevfen yeárs in bar of the plaintiff’s action. For that act expressly interdicts the commencement ef any action, by those claiming under an adverse interfering entry, survey or patent, to recover from others a possession held for seven years, under á connected title in law or equity, deducible of record from the Commonwealth. And the title of Moore, derived through Edwards, is not only adverse and interfering with that of Myers’, but it is moreover deducible of record from the commonwealth.
The judgment must be reversed with costs, the cause remanded to the court below, and further proceedings had, not inconsistent with this opinion.